NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY DEWAYNE HAMMONDS, | No. 09-55124 |
| Petitioner - Appellant, | D.C. No. 5:05-cv-00379-ODW-OP |
| v. | |
| CHARLES M. HARRISON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted September 1, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and NAVARRO, District
Judge.[**]

California state prisoner Anthony Dewayne Hammonds appeals the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury

conviction of child endangerment, for which he received a three-strikes sentence of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gloria M. Navarro, District Judge for the District of Nevada, sitting by designation.

25 years to life. We review the district court's decision to deny Hammonds's petition for a writ of habeas corpus de novo. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

Hammonds contends that he is entitled to a writ of habeas corpus because his trial counsel rendered ineffective assistance of counsel by failing to investigate potential witnesses, an issue we certified, and on the grounds that insufficient evidence supported his conviction and that his sentence is cruel and unusual in violation of the Eighth Amendment, issues we did not certify.

Hammonds was convicted of child endangerment after police discovered a child in the rear house of a property on which there was also a shed containing a methamphetamine lab. Police raided the property a few days later, and arrested Hammonds, who was found hiding in a closet in the front house of the property. Hammonds contends that his counsel's performance was deficient because she did not interview witnesses who would have testified (1) that Hammonds did not live at the residence where the methamphetamine lab was found, (2) that Hammonds did not know about the methamphetamine lab, and (3) that Hammonds did not have custody of the child found in the rear house.

Under the Antiterrorism and Effective Death Penalty Act (AEPDA), Hammonds is entitled to habeas relief if he shows that the state appellate court's

decision to deny his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1), (2). The standard for evaluating claims based on the alleged ineffective assistance of counsel was established clearly in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Hammonds must show both that his counsel's performance was deficient and that "the deficient performance prejudiced the defense." *Earp v. Ornoski*, 431 F.3d 1158, 1173 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

The standard for deficient performance is deferential. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (quoting *Strickland*, 466 U.S. at 689). "The standard for prejudice is a reasonable probability that but for counsel's error the result would have been different." *Bragg v. Galaza*, 242 F.3d 1082, 1089 (citing *Strickland*, 466 U.S. at 694). The "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011).

The state appellate court concluded that Hammonds failed to establish ineffective assistance of counsel because (1) under California law, Hammonds was liable for child endangerment whether or not he lived on the property provided he knew about the methamphetamine lab, (2) there was credible evidence presented at trial that Hammonds knew about the methamphetamine lab, and (3) although there was significant evidence that the child was Hammonds's son, it was not necessary to prove that fact to hold Hammonds directly liable because the danger posed by the methamphetamine lab "was not limited to the moment the police entered, but continued for as long as the laboratory was there."

In light of the evidence presented at trial that Hammonds knew about the methamphetamine lab and continued to visit, if not live with, his son at the property, the state appellate court concluded that Hammonds's counsel made a reasonable tactical decision not to interview the witnesses because certain testimony was immaterial, and the admission of the remaining testimony would not have resulted in a different outcome.

Under the applicable terms of the AEDPA, we cannot provide relief in the face of the state court's analysis unless it was an objectively unreasonable application of the Supreme Court's precedent in *Strickland*. Here, the state appellate court did not make an objectively unreasonable application of *Strickland*

by deciding that Hammonds did not establish ineffective assistance of counsel in light of the evidence admitted during the trial. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Finally, we decline to consider the issues not included in the certificate of appealability because Hammonds has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED**.